UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF MARYLAND

| | |
|---|---|
| LIFE TECHNOLOGIES CORPORATION, a Delaware Corporation,<br>5791 Van Allen Way<br>Carlsbad, CA 92008<br><br>　　　　　　　　　Plaintiff,<br><br>v.<br><br>LIFE TECHNOLOGIES CORPORATION;<br>10135 Treble Court<br>Rockville, MD 20850<br>(Montgomery County)<br><br>and<br><br>DOES 1 to 5, Inclusive;<br>Addresses Unknown<br><br>　　　　　　　　　Defendants. | Case No.<br><br>**COMPLAINT FOR:**<br><br>　**1. DECLARATORY RELIEF AND INJUNCTION;  AND**<br><br>　**2. FEDERAL TRADEMARK INFRINGEMENT AND UNFAIR COMPETITION [15 U.S.C. § 1125(A)(1)(A)].** |

**COMPLAINT FOR DECLARATORY RELIEF, INJUNCTION, AND FOR FEDERAL TRADEMARK INFRINGEMENT AND UNFAIR COMPETITION**

Plaintiff LIFE TECHNOLOGIES CORPORATION ("Life") for its complaint against Defendants LIFE TECHNOLOGIES CORPORATION ("Defendant"), and Does 1 to 5 inclusive (collectively "Defendants"), alleges as follows:

**I.
JURISDICTION AND VENUE**

1.　This action arises under the provisions of the Lanham Act, 15 U.S.C.§ 1051 *et seq*.  This Court has jurisdiction over the subject matter of this action under 28 U.S.C. §§ 1331 (federal question), 1338(a) (trademarks), and 1338(b) (unfair competition).  Plaintiff Life also brings this action under the Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq*.

2.      Venue is proper in this district under 28 U.S.C.§ 1391(b) because all or a substantial part of the events giving rise to Plaintiff's claim occurred in this district.

## II.
## PARTIES

3.      Life is a corporation organized and existing under the laws of the State of Delaware. Life has its principal place of business in Carlsbad, California, and is engaged in the business of, among other things, developing, manufacturing, distributing, marketing and selling life sciences products for scientific research in such areas as academic research, drug discovery and development, toxicology and forensics, disease diagnostics, clinical cell therapy and regenerative medicine, and biologics manufacturing. Life has more than 50,000 products used by more than 75,000 customers around the world, and its products are found in more than 90% of the research laboratories in the United States.

4.      On information and belief, Defendant is a Maryland company with its principal place of business in the United States located in Rockville, Maryland. According to one of Defendant's various websites (www.life-technologies.com), it also has offices located in Vellore, India. Also on information and belief, and further according to its website, Defendant is a provider of research and development and information technology services to the biotechnology, chemicals, diagnostics, pharmaceutical and therapeutics industries.

5.      Defendant is using the "LIFE TECHNOLOGIES" mark and other similar marks in the United States by, among other things, maintaining numerous interactive websites through which users in the United States, including those in this judicial district, may inquire about and purchase "LIFE TECHNOLOGIES"-branded goods and/or services. That website contains special portals for purchasers located in the United States, through which such purchasers may view webpages showing products and or services allegedly provided by Defendant. The website further contains prompts and hypertext links to contact Defendant regarding its "Services," "Products," "Sales," and "Support," among others.

6.      The true names and capacities, whether individual or otherwise, of Defendants DOES 1 through 5, inclusive, are unknown to Plaintiff, who therefore sues said Defendants by such fictitious

names.  Plaintiff is informed and believes that each of the DOE Defendants is responsible in some manner for the events and happenings alleged below, and that each individually or as a group caused injuries and damages proximately thereby as hereinafter alleged.  Defendant Life Technologies Corporation and the Doe Defendants are referred to herein collectively as "Defendant" unless the context otherwise requires.

7. Plaintiff is informed and believes, and thereon alleges, that at all times herein mentioned, each of the Defendants was the agent, servant, and employee of each of the remaining Defendants and was at all times acting within the purpose and scope of said agency and employment, with the knowledge and consent or ratification of each of the other Defendants in doing the acts alleged.

## III.
## PLAINTIFF'S TRADEMARKS

8. Plaintiff Life is the owner through assignment of all right, title and interest in and to United States Trademark Registration No. 2,250,787 for the mark "LIFE TECHNOLOGIES®."  A true and correct copy of Life's trademark registration for this mark is attached hereto and incorporated herein by reference as Exhibit 1.  Plaintiff Life is also the owner through assignment of all right, title and interest in and to various United States Trademark applications, including Ser. Nos. 77/592,675 and 77/615,699.  Life actively promotes and sells goods and/or services under the LIFE TECHNOLOGIES® mark, and it has continuously used the LIFE TECHNOLOGIES® mark in interstate commerce since at least 1986, for goods and services as set out in Exhibit 1.  Life is also the owner of all right, title and interest in and to numerous world-wide trademark registrations and pending applications for the LIFE TECHNOLOGIES® mark, including in India.

9. Defendant does not have a registration for the mark "LIFE TECHNOLOGIES" or any variant thereof in the United States, although it recently has applied for such registration under Ser. Nos. 77/943,961 and 77/944,009 for the marks "LIFE TECHNOLOGIES" and "LIFE TECH," respectively.  Both of Defendant's applications include a broad scope of goods and/or services that overlap and are identical or nearly so in many respects to the goods and/or services Plaintiff Life offers to the consuming

public under its previously-registered and applied-for marks as set out above. The United States Patent & Trademark Office has initially refused both of Defendant's applications for likelihood of confusion with Plaintiff Life's existing Registration (*see* Exhibit 1).

## IV.
## ALLEGATIONS COMMON TO ALL CLAIMS FOR RELIEF

10. As a leading source of scientific research goods and services, Life actively sells and promotes its goods and services under its LIFE TECHNOLOGIES® mark, and it has done so in interstate commerce since at least 1986. In connection with that use, Life has expended substantial resources in advertising, marketing and selling its goods and services under its LIFE TECHNOLOGIES® trademark and in promoting its brand.

11. Life and Defendant are competitors within the field of scientific research products and services, and the Defendant's products and services, as advertised, compete with Plaintiff Life's branded products. Defendant also promotes and sells its products and services using the same trade channels as Plaintiff Life.

12. Defendant also maintains numerous Internet domain names that contain the mark "LIFE TECHNOLOGIES" or some variant thereof. Those other domains include, but are not limited to lifeindia.com, life-technologies.com, lifetech.in, lifetechnologies.in, life.net, lifetechnologies.co.in, lifetechnologies.us, life-technologies.co.in, lifetechnologiescorp.com, life-india.com, and lifeindia.us.

13. Through its interactive website(s) and its sales and/or offers to sell to U.S. customers, Defendant is using the "LIFE TECHNOLOGIES" name (and variants thereof) in the United States, including within this judicial district.

14. In or about November 2010, Life first learned that Defendant was using the "LIFE TECHNOLOGIES" mark to market and sell its products and/or services. Life communicated with Defendant to demand that it cease and desist from further use of the "LIFE TECHNOLOGIES" name. To date, Defendant has failed and refused to cease its conduct in this regard. Defendant is not, and never has been, authorized by Life to use the "LIFE TECHNOLOGIES" mark (or any variant thereof) in connection with any goods, business or service in the United States or elsewhere in the world.

## VI.
## FIRST CLAIM FOR RELIEF

(Declaratory Action for Preliminary Injunction)

15. Life realleges every allegation set forth in paragraphs 1-14.

16. An actual controversy has arisen and now exists between the parties relating to Life's superior right to its "LIFE TECHNOLOGIES®" marks for which Life now desires and hereby seeks a declaration of rights.

17. A declaratory judgment is necessary in that Life contends, and Defendant denies, the following:

    (a) Life is the owner of all right, title and interest in and to a valid and existing trademark registration, namely U.S. Trademark Registration No. 2,250,787, and two U.S. Trademark Applications, namely Ser. Nos. 77/592,675 and 77/615,699.

    (b) Life has continuously used the LIFE TECHNOLOGIES® mark under U.S. Trademark Registration No. 2,250,787 since its registration date, in connection with the referenced goods and/or services in International Classes 001, 005 and 009.

    (c) Life's priority date to its U.S. Trademark Registration No. 2,250,787 predates Defendant's claimed priority date to its U.S. Trademark Applications, Ser. Nos. 77/943,961 and 77/944,009.

    (d) Life has a superior right to use its registered mark over Defendant's applied-for marks.

    (e) Defendant's continued prosecution of its Applications, Ser. Nos. 77/943,961 and 77/944,009, and its continued use of the mark "LIFE TECHNOLOGIES" in the United States will result in a likelihood of confusion with Plaintiff Life's registered "LIFE TECHNOLOGIES®" and other marks.

    (f) That Defendant be enjoined from further use of the "LIFE TECHNOLOGIES"

name and be enjoined from further prosecuting its referenced Applications with the United States Patent & Trademark Office.

18. Life seeks a declaration of its superior rights in and to the mark "LIFE TECHNOLOGIES," that Defendant's continued prosecution of its Applications will result in an likelihood of confusion, and further seeks a declaration that Defendant should be permanently enjoined from further prosecution of its Applications.

## VI.
## SECOND CLAIM FOR RELIEF

(Federal Trademark Infringement And Unfair Competition Under
15 U.S.C. § 1125(a)(1)(A) Against All Defendants)

19. Life realleges every allegation set forth in paragraphs 1-18.

20. Defendant's use of the "LIFE TECHNOLOGIES" mark in the United States, without authority or license from Life, constitutes trademark infringement and unfair competition, and is likely to cause confusion, mistake, and/or deception with respect to the origin, sponsorship, or approval of Defendants' products, all in violation of Section 43(a)(1)(A) of the Lanham Act, 15 U.S.C. § 1125(a)(1)(A).

21. Life's interests in its LIFE TECHNOLOGIES® trademark have been and will continue to be damaged as a result of Defendant's actions, and those damages include lost profits and loss of valuable good will, among others.

22. On information and belief, Defendant markets and sells its products and/or services under the "LIFE TECHNOLOGIES" mark with knowledge and conscious disregard of Life's rights, such that its infringement is willful.

23. Life has suffered, is suffering, and will continue to suffer irreparable harm as a result of Defendant's conduct. Because Life has no adequate remedy at law, it further seeks to have the Court preliminarily and permanently enjoin Defendant from further marketing, distribution or sales of products and/or services under the "LIFE TECHNOLOGIES" name (or any confusingly similar variant thereof) in the United States.

## VI.
## DEMAND FOR RELIEF

WHEREFORE, Life requests that this Court enter judgment in its favor, and against Defendants, including Orders that:

A.  Declare that Plaintiff Life has superior rights in and to the mark "LIFE TECHNOLOGIES®," and further declare that Defendant's continued prosecution of its U.S. Trademark Application Ser. Nos. 77/943,961 and 77/944,009 will result in an likelihood of confusion with Plaintiff' Life's registered mark;

B.  Preliminarily and permanently enjoin Defendant and its employees, servants, agents, affiliates, distributors, dealers, attorneys, successors and/or assigns, and all persons in active concert or participation with it, from further prosecuting U.S. Trademark Application Ser. Nos. 77/943,961 and 77/944,009 or any Application that is confusingly similar to Plaintiff Life's "LIFE TECHNOLOGIES®" marks;

C.  Preliminarily and permanently enjoin Defendant and its employees, servants, agents, affiliates, distributors, dealers, attorneys, successors and/or assigns, and all persons in active concert or participation with it, from manufacturing, using, selling, offering to sell, importing for sale, advertising, displaying, distributing or using any goods and/or services in the United States containing the "LIFE TECHNOLOGIES" name or any derivative thereof, or any mark likely to cause confusion, mistake, and deception, or to misappropriate Life's intellectual property, and from other acts of unfair competition;

D.  Direct the destruction of Defendant's current advertising, promotional and related materials that bear the infringing "LIFE TECHNOLOGIES" mark and/or any other confusingly similar mark to Life's LIFE TECHNOLOGIES® trademark pursuant to 15 U.S.C. § 1118 and other applicable laws;

E.  Prohibit Defendant from marketing, distributing, offering to sell and selling products bearing the "LIFE TECHNOLOGIES" mark, or any confusingly similar mark, including (without limitation) the change of its corporate name, the change of any and all Internet domain names, and the

1 restructuring any and all websites to prohibit such conduct;

2     F.    Require Defendant to account to Plaintiff Life for any and all profits derived by it in
3 connection with its activities regarding the "LIFE TECHNOLOGIES" mark;

4     G.    Award Life monetary relief, including damages for lost profits, loss of goodwill,
5 restitution and/or disgorgement of Defendant's wrongful profits, and/or other damages as appropriate;

6     H.    Award Life treble damages pursuant to 15 U.S.C. § 1117 and other applicable laws;

7     I.    Declare this case to be exceptional based upon Defendant's willful conduct, and award
8 Life its costs, expenses, and attorneys' fees in this action pursuant to 15 U.S.C. § 1117 and other
9 applicable laws; and

10     J.    Grant such other and further relief as the Court may deem just and proper.

12 Dated: December 10, 2010.

**BODIE, DOLINA, SMITH & HOBBS, P.C.**

/s/ Louis E. Grenzer, Jr.
Louis E. Grenzer, Jr. (Fed. Bar. # 26066)
21 W. Susquehanna Ave.
Towson, MD 21204
(410) 823-1250 (p)
(410) 296-0432 (f)
lgrenzer@bodie-law.com
*Attorneys for Plaintiff*
*LIFE TECHNOLOGIES CORPORATION*

SRUS/1054953/8446413v.1

LIFE TECHNOLOGIES CORPORATION'S COMPLAINT FOR DECLARATORY RELIEF AND
INJUNCTION AND FEDERAL TRADEMARK INFRINGEMENT AND UNFAIR COMPETITION     PAGE 8 OF 9

## **TABLE OF EXHIBITS**

**EXHIBIT 1**

United States Trademark Registration No. 2,250,787