**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

|  |  |  |
|---|---|---|
| **LIFE TECHNOLOGIES CORPORATION** | * | |
| | * | |
| *Plaintiff* | * | |
| | * | |
| v. | * | Civil Case No.: RWT 10cv3527 |
| | * | |
| **LIFE TECHNOLOGIES CORPORATION,** *et al.* | * | |
| | * | |
| *Defendants* | * | |

**MEMORANDUM OPINION**

On December 16, 2010, Plaintiff sued Defendant Life Technologies Corporation for intentional and willful infringement of Plaintiff's trademarks and unfair competition under 15 U.S.C. § 1125. On March 15, 2012, this Court granted Plaintiff's Motion for Partial Summary Judgment [ECF No. 14, Case No. RWT 10-3527], and Motion for Sanctions or Other Relief Pursuant to Rule 56(h) [ECF No. 21, Case No. RWT 10-3527], and ordered Defendant to pay the costs, expenses, and reasonable attorneys' fees incurred by Plaintiff in this matter. *See* ECF No. 54 (Case No. RWT 10-3527).

On April 13, 2012, Plaintiff timely filed a Motion and Application for Attorneys' Fees and Costs, supported by a memorandum, affidavits, and exhibits. *See* ECF No. 56 (Case No. RWT 10-3527). Plaintiff's costs, expenses, and attorneys' fees originate from three sources: 1) outside counsel at Troutman Sanders LLP (Plaintiff's lead attorneys); 2) local Maryland counsel at Bodie, Dolina, Hobbs, Friddell, & Grenzer, P.C.; and 3) Plaintiff's in-house counsel. *Id.*

Plaintiff requests actual attorneys' fees of $244,013,50 and costs of $2,384.56. *Id.* Plaintiff additionally seeks an upward adjustment of its fees to $301,662.50. *Id.* Defendant has failed to respond to Plaintiff's motion.

## DISCUSSION

Under the Lanham Act, courts may award attorneys' fees to the prevailing party in "exceptional cases." *See Newport News Holdings Corp. v. Virtual City* Vision, 650 F.3d 423, 441 (4th Cir. 2011); ECF No. 54 (Case No. RWT 10-3527) (noting that the above-titled action qualifies as an "exceptional case"). The Fourth Circuit awards reasonable fees by determining the "lodestar" amount, or the hours reasonably expanded multiplied by the reasonable hourly rate. *See Robinson v. Equifax Information Servs., LLC*, 560 F.3d 235, 243 (4th Cir. 2009). After determining the lodestar, courts subtract any hours spent on unsuccessful claims and award "some percentage of the remaining amount" in accordance with the degree of success attained.[1]

*Id.* In conducting the lodestar analysis, courts also consider twelve factors:

> (1) [T]he time and labor expended; (2) the novelty and difficulty of the questions raised; (3) the skill required to properly perform the legal services rendered; (4) the attorney's opportunity costs in pressing the instant litigation; (5) the customary fee for like work; (6) the attorney's expectations at the out-set of the litigation; (7) the time limitations imposed by the client or circumstances; (8) the amount in controversy and the results obtained; (9) the experience, reputation and ability of the attorney; (10) the undesirability of the case within the legal community in which the case arose; (11) the nature and length of the professional    relationship between attorney and client; and (12) attorneys' fees awards in similar cases."

*Id*. at 243-44.

The fee applicant bears the burden of establishing the reasonableness of a requested hourly rate. *Plyler v. Evatt,* 902 F.2d 273, 277 (4th Cir. 1990). "In addition to the attorneys' own affidavits, the fee applicant must produce satisfactory specific evidence of the prevailing

---

[1] Plaintiff's requested fees solely cover claims on which they prevailed, and thus it is not necessary for this Court to subtract any amount for unsuccessful claims.

market rates in the relevant community for the type of work for which he seeks an award." *Id.* "[W]here an attorney knowingly accepts a client that will entail primarily litigation in another jurisdiction, the prevailing community rate of that jurisdiction should be applied." *Xiao-Yue Gu v. Hughes STX Corp.,* 127 F. Supp. 2d 751, 767 (D. Md. 2001). Examples of information that is sufficient to verify prevailing market rates include affidavits of local lawyers familiar with the type of work involved, the relevant community, and the skills of the fee applicants; evidence of what attorneys earn for providing similar services in similar situations; and evidence of what the prevailing party's attorney actually charged the client in the case at hand. *See Robinson*, 560 F.3d at 245; *Depaoli v. Vacation Sales Assocs., L.L.C.,* 489 F.3d 615, 622 (4th Cir. 2007).

Plaintiff requests that Troutman Sanders' standard billing rates (rather than the reduced rates charged to Plaintiff) be used in calculating the lodestar, and has offered the affidavit of a local lawyer in support of the reasonableness of those rates. *See* ECF No. 56-11 (Case No. RWT 10-3527). Plaintiff has also asked the Court to consider the Laffey Matrix, a chart of hourly rates prepared by the United States Attorney's Office for the District of Columbia and endorsed by courts in that district, in determining the prevailing market rates in the relevant community (*i.e.*, the District of Maryland).

Appendix B of the Local Rules for the District of Maryland sets forth presumptively reasonable fee ranges to aid this Court in awarding fees. The standard billing rates of Troutman Sanders are, for the most part, well above the high end of the ranges established in Appendix B.[2] The Laffey Matrix, which Plaintiff claims is representative of reasonable rates in the District of

---

[2] For example, Plaintiff lists the standard hourly rate for Matthew D. Murphy, a practitioner of 14 years, at $580. The range in Appendix B for lawyers admitted to the bar for nine to 14 years is $225-300. Even assuming that the maximum rate within that range would be appropriate for someone of Mr. Murphy's expertise, and that reasonable rates have increased since July 1, 2011, when Appendix B was last updated, it is not reasonable for Plaintiff to request an hourly rate that is almost twice that provided for in Appendix B. Although the standard rates for the other Troutman Sanders attorneys do not depart quite so extensively from Appendix B's guidelines, they still appear to be excessively high.

Maryland, does not justify the use of a higher hourly rate in the lodestar calculation.  The Fourth Circuit and this Court have held numerous times that the Laffey Matrix is not "sufficient evidence of the prevailing market rate" in this jurisdiction or other areas bordering the District of Columbia, which tends to have higher prevailing rates.  *Cross v. Fleet Reserve Ass'n Pension Plan*, Civil No. WDQ-05-0001, 2010 WL 3609530, at *5 n. 21 (D. Md. Sept. 14, 2010), *Robinson*, 560 F.3d at 245; *Moreno v. PF Hurley, Inc.*, Civil No. RWT-07-1515, 2009 WL 3208324, at *5 (D. Md. Sept. 29, 2009).  Indeed, almost all of Troutman Sanders' standard rates are actually *higher* than those in the Laffey Matrix, further indicating the unreasonableness of Plaintiff's request for an upward adjustment in fees.

The actual fees that Troutman Sanders charged Plaintiff, on the other hand, do appear to be reasonable.  While most of these reduced hourly rates are still higher than the guideline ranges in Appendix B, such an increase is commensurate with the expertise, skills, and customary fees of the attorneys at a large, private law firm like Troutman Sanders.  The requested hourly rates for counsel from Bodie, Dolina, Hobbs, Friddell, & Grenzer fall within Appendix B's guidelines, and thus are presumptively reasonable.  Those for Plaintiff's in-house counsel are similarly in line with, or represent a reasonable increase above, the Appendix B rates.

In addition to establishing the reasonableness of the hourly rate requested, a fee applicant also must establish the reasonableness of the hours for which compensation is sought.  *See Hensley v. Eckerhart,* 461 U.S. 424, 437 (1983).  A prevailing party may not recover fees for excessive, redundant, or unnecessary hours. *Johnson v. Hugo's Skateway,* 949 F.2d 1338, 1352-53 (4th Cir. 1991).  When the documentation of hours is vague or incomplete, the district court may reduce the award accordingly.  *CoStar Group, Inc. v. LoopNet, Inc.,* 106 F. Supp. 2d 780, 788-89 (D. Md. 2000).

Here, Plaintiff's counsel have carefully and thoroughly documented all of the hours spent during the course of this litigation, and their recorded hours appear reasonable given the complexity and duration of the case. Defendant has also not responded to Plaintiff's application for fees with any objections to the recorded hours.

## <u>CONCLUSION</u>

The reduced hourly rates of Troutman Sanders, and the requested hourly rates of Plaintiff's local and in-house counsel, are reasonable in light of the prevailing rates in the District of Maryland.  Plaintiff's request for enhanced fees is not justified, and will be denied.  Plaintiff has also sufficiently described the time its counsel spent on this case, and its accumulated costs and expenses, and Defendant has lodged no objections to Plaintiff's recorded hours or costs. Plaintiffs shall accordingly be awarded attorney's fees in the amount of  $244,013,50 and costs of $2,384.56.   A separate order follows.


Date: <u>October 2, 2012</u>                                   _____/s/_____
                                                                    ROGER W. TITUS
                                                                    UNITED STATES DISTRICT JUDGE