UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| **LIFE TECHNOLOGIES CORPORATION** *a Delaware Corporation* | : : : | |
| **Plaintiff** | : : | |
| v. | : : | **Case No. RWT 10-3527** |
| **LIFE TECHNOLOGIES CORPORATION,** *et al., Montgomery County, Maryland* | : : : | |
| **Defendants** | : | |

## REPORT AND RECOMMENDATIONS FOR MOTION FOR ORDER TO SHOW CAUSE WHY DR. KRISHNAMURTHY SHOULD NOT BE HELD IN CONTEMPT AND MOTION FOR ORDER HOLDING HIM IN CONTEMPT

On July 6, 2012 the Honorable Roger W. Titus referred this case to the undersigned for the resolution of all discovery and related scheduling matters (ECF No. 63).   Pending before the court is the Plaintiff's Motion for Order to Show Cause Why Dr. Krishnamurthy Should Not Be Held in Contempt and Motion for Order Holding Him in Contempt (ECF No. 134), Dr. Krishnamurthy's Response in Opposition (ECF No. 138), and the Plaintiff's Reply (ECF No. 139).   Judge Titus orally instructed the undersigned to hold a hearing on the pending matter and submit a Report and Recommendations pursuant to 28 U.S.C. § 636(b)(1)(B).   A hearing on this matter was held on May 16, 2014.   The matter was taken under advisement for the preparation of a Report and Recommendations.

### PROPOSED FINDINGS OF FACT

1. On December 16, 2010 the plaintiff, Life Technologies Corporation of Carlsbad, California sued the defendants, Life Technologies Corporation of Rockville, Maryland and

DOES 1 to 5, for Declaratory Relief and an Injunction and for Federal Trademark Infringement and Unfair Competition under 15 U.S.C. §1125(a)(1)(A).   The plaintiff is a business engaged in the development, manufacture, distribution, marketing and sale of life science products for scientific research.  The company has more than 50,000 products used by more than 75,000 customers around the world and its products are found in more than 90% of the research laboratories in the United States.  The defendant corporation has offices in Rockville, Maryland and Vellore, India and provides research, development and information technology services to businesses.  The plaintiff alleged that the defendants are using the plaintiff's LIFE TECHNOLOGIES® mark without authority and are engaged in trademark infringement and unfair competition.  Equitable relief, an accounting of all profits derived from the trademark infringement and monetary damages were sought.

2. On March 15, 2012 Judge Titus granted the Plaintiff's Motion for Partial Summary Judgment (ECF No. 14), Plaintiff's Motion for Sanctions or Other Relief Pursuant to Rule 56(h) (ECF No. 21), and Plaintiff's Motion for Default Judgment (ECF No. 45).  In an eleven page order, Judge Titus ruled that the Plaintiff owns all right, title and interest and has superior rights in and to the registered trademark LIFE TECHNOLOGIES®, enjoined the defendants from use of the mark, ruled that the defendants had engaged in trademark infringement and unfair competition and that the plaintiff is entitled to an accounting, monetary damages, treble damages, attorney fees and costs.   The Plaintiff was granted leave to conduct additional discovery in support of an award of damages.

3.  On November 6, 2012 the Plaintiff filed a Motion for Order to Show Cause Why Defendant and Dr. and Mrs. Krishnamurthy Should Not Be Held in Contempt, and Motion for Order Holding Them in Contempt and for Other Relief (ECF No. 78).  The basis for the motion

was that the Defendant and Dr. and Mrs. Krishnamurthy had not complied with the directions

contained in the court's March 15, 2012 order.  Following hearings on December 10 and 18,

2012, Judge Titus held Defendant Life Technologies Corporation and Dr. Krishnamurthy in

contempt.  An order to that effect was entered on December 20, 2012 (ECF No. 94).

    4.  During the first part of 2013 attempts to obtain written discovery and document

production from Dr. Krishnamurthy were largely unsuccessful.   Several motions to extend

discovery were granted by the undersigned.  On September 4, 2013 an in person discovery

hearing was held which was followed by telephone discovery conferences on September 24, 27,

October 8, 16, 23, 2013.  During these conferences the undersigned worked to obtain social

security numbers, email addresses, tax records and other information from Dr. Krishnamurthy to

aid the Plaintiff in its use of third party subpoenas on banks, internet service providers and other

businesses to obtain data required to support a monetary damage claim.

    5.  By order of October 23, 2013 the undersigned directed:

> That Dr. Krishnamurthy is hereby ORDERED to compile a list of
> **all** e-mail addresses he is currently using and/or previously used.
> Dr. Krishnamurthy must **affirm** the list of e-mail addresses is the
> full, correct and absolute list of all e-mail addresses he presently or
> previously used.  (ECF No. 116,  Paragraph 2)

The period of time was for the years 2002 to the present.   Dr. Krishnamurthy provided four e-

mail addresses.  Plaintiff through third party subpoenas uncovered approximately eleven or

twelve personal e-mail accounts and at least that many additional e-mail accounts that appear to

be related to either the Defendant or Dr. Krishnamurthy's related entities in India which have

been used at various times by Dr. Krishnamurthy from 2002 to the present.  To date, Dr.

Krishnamurthy has not produced any emails.

    6. On January 9, 2014 a telephone discovery conference was held.  Plaintiff explained

that it wished to subpoena internet service providers associated with Dr. Krishnamurthy to obtain

copies of e-mails directly from the service provider, as Dr. Krishnamurthy had provided no

emails.  However, the internet service providers would not honor a Federal subpoena unless the

e-mail account holder provides written consent pursuant to the Stored Wire Electronic

Communications Act, 18 U.S.C. § 2701 *et seq.*

      7.  On January 9, 2014 the undersigned entered an order directing:

> That for the reasons stated during the telephone conference,
> Interested Party, Krishnamurthy Govindaraj, is hereby **ORDERED**
> to sign and execute "consent and release forms" regarding various
> e-mail accounts within ten (10) days of Plaintiff's counsel
> providing the forms to Dr. Krishnamurthy's counsel. (ECF No.
> 122, Paragraph 3)

The court also directed Dr. Krishnamurthy to sign and execute IRS Form 4506T.  On January 21,

2014 Dr. Krishnamurthy filed objections pursuant Fed. R. Civ. P. 72 objecting to the unspecified

nature of the broad requests for e-mail production and moved for a Protective Order restricting

from discovery emails from third party providers that are not relevant or reasonably calculated to

lead to the discovery of admissible evidence (ECF No. 123 & 124).   Plaintiff filed in opposition

to the objections and motion for a protective order on February 8, 2014 (ECF No. 125) and

supplemented its opposition with a letter filed on February 19, 2014 (ECF No. 129).  Dr.

Krishnamurthy filed a reply on February 28, 204 (ECF No. 130).

      8.  On March 4, 2014 Judge Titus overruled the objections to the undersigned's order of

January 9, 2014 and denied Dr. Krishnamurthy's motion for a protective order.  The order of

January 9, 2014 stands as a valid decree of this court.

      9.  On January 21, 2014 and March 4, 2014 Plaintiff's counsel emailed to Dr.

Krishnamurthy's counsel consent forms and updated consent forms for internet service providers

(ECF No. 134, Ex Nos. 2 & 5).  Dr. Krishnamurthy was requested to sign these consent forms

consistent with the court's order of January 9, 2014.  He did not.  Rather, Dr. Krishnamurthy

submitted his own e-mail consent forms (ECF No. 134, Ex. No. 7).

10.  The court has examined the consent forms prepared by the Plaintiff and find them to

be appropriate and consistent with the court's order of January 9, 2014.  The email consent forms

submitted by Dr. Krishnamurthy are not appropriate because: a) the forms limit and qualify his

consent by stating they are made only "under the threat of contempt," b) the forms do not

identify the information that is supposedly authorized for release,  c) the forms fail to authorize

the release of any e-mails, d) the forms omit eight of the e-mail accounts in issue, e) the forms

omit critical information such as birth date, gender, current/previous telephone numbers,

current/previous physical addresses, other alternate/linked e-mail addresses, previously used IP

addresses, and the names of all of the related entities, and f) the forms are limited to a five year

time period.  Dr. Krishnamurthy's proposed consent forms are useless for their intended purpose.

11.  The January 9, 2014 order directed Dr. Krishnamurthy to execute e-mail consent

forms as provided by Plaintiff's counsel.  Dr. Krishnamurthy has refused and continues to refuse

to execute the forms.

## STANDARD FOR CONTEMPT

The purposes of civil contempt are to coerce obedience to a court order and to

compensate a party for losses sustained as a result of the contumacy.  *In re General Motors

Corp.*, 61 F.3d 256, 258 (4th Cir. 1995).  To establish civil contempt, a movant must show each

of the following elements by clear and convincing evidence:

> (1) the existence of a valid decree of which the alleged contemnor
> had actual or constructive knowledge; (2) ... that the decree was in
> the movant's "favor"; (3) ... that the alleged contemnor by its

> conduct violated the terms of the decree, and had knowledge (at
> least constructive) of such violations; and (4)... that [the] movant
> suffered harm as a result.

*Ashcraft v. Conoco, Inc.*, 218 F.3d 288, 301 (4th Cir. 2000) (quoting *Colonial Williamsburg*

*Found v. The Kittinger Co.*, 792 F.Supp. 1397, 1405-06 (E.D.Va. 1992), *aff'd*, 38 F.3d 133, 136

(4th Cir. 1994).

> If contempt is found, the remedy is within the trial court's broad discretion:

> > Remedies include ordering the contemnor to reimburse the
> > complainant for losses sustained and for reasonable attorneys fees.
> > *United States v. Trudell*, 563 F.2d 889, 891 (8th Cir. 1977).
> > However, the remedies and sanctions must be remedial and
> > compensatory and, unlike criminal contempt, nonpunitive. [*United
> > States v.*] *United Mine Workers* [*of America*], 330 U.S. [258] at
> > 302-04, 67 S.Ct. 677, 91 L.Ed. 884 [(1947)].

*In re General Motors*, 61 F.3d, 256, 259.  Before awarding attorney's fees, however, a finding of

"willful disobedience" may be required.  *Omega World Travel, Inc. v. Omega Travel, Inc.*, 710

F.Supp. 169, 172-73 (E.D.Va. 1989), *aff'd*, 905 F.2d 1530 (4th Cir. 1990).

## ANALYSIS

It is beyond question that the order of January 9, 2014 directing Dr. Krishnamurthy to

execute consent and release forms for e-mail accounts within ten days of Plaintiff's counsel

providing the forms to Dr. Krishnamurthy's counsel is valid.  The objections of Dr.

Krishnamurthy to the order were overruled by Judge Titus on March 4, 2014.  The order of

January 9, 2014 was in favor of the Plaintiff as it permitted the Plaintiff to obtain e-mails of the

Defendant and Dr. Krishnamurthy directly from the internet service providers in order to

establish the monetary damages sustained by the Plaintiff.  Over the course of discovery in this

case, Dr. Krishnamurthy has produced not one e-mail.

By his refusal to execute the consent forms provided by the Plaintiff's counsel, Dr.

Krishnamurthy has violated the terms of the January 9, 2014 order.  Dr. Krishnamurthy had actual knowledge of his violation of the court's order as demonstrated by his extensive involvement in this matter and by the fact that Dr. Krishnamurthy submitted alternative e-mail consent forms in direct contravention of the January 9, 2014 order which directed him to execute consent e-mail forms provided by the Plaintiff's counsel.  The Plaintiff has suffered harm as a result of Dr. Krishnamurthy's conduct.  The Plaintiff has been unable to promptly and economically obtain relevant information necessary to prosecute its case, has incurred substantial additional attorney fees and costs, and has been impaired in its calculation of the amount of monetary damages sustained in this matter.

## RECOMMENDATIONS

1. That Dr. Krishnamurthy be held in contempt of the court's order of January 9, 2014 (ECF No. 122).

2. That the court issue an order stating that Plaintiff's e-mail consent forms comply with the provisions of the Stored Wire Electronic Communications Act, 18 U.S.C. § 2701 *et seq.* and that e-mail service providers such as Google/gmail, Yahoo!, Hotmail, and the Uniformed Services University of the Health Sciences (USUHS) may rely on those consent forms and the Order in providing the requested information.

3. That the court issue an order requiring Dr. Krishnamurthy to take all steps necessary to allow the Plaintiff to complete and serve the subject e-mail consent forms and secure the e-mails, content and associated documents and information sought.

4. That the court direct the Plaintiff's counsel to submit the e-mail consent forms to Dr. Kristhnamurthy's counsel for Dr. Kristhnamurthy's signature.  Dr. Kristhnamurthy will be given five business days to sign the consent e-mail forms and return them to the Plaintiff's counsel.  If

the forms are not signed within that time period the court will issue a warrant for Dr.

Kristhnamurthy's arrest and direct the United States Marshal to arrest and detain Dr.

Kristhnamurthy until such time as he purges himself of his contempt by signing the consent e-

mail forms.

      4.  That the court direct the Plaintiff to file with the court a pleading outlining the

monetary damages it has sustained as a result of the contempt of Dr. Krishnamurthy.  The

Plaintiff is to separate out the attorney fees it has incurred in connection with its Motion to Hold

Dr. Krinshnamurthy In Contempt (ECF No. 134) and should also set forth its evidence as to

whether Dr. Kristhnamurthy willfully disobeyed the court's January 9, 2014 order.  The court

will hold in abeyance ruling on these issues until the requested pleading has been filed and Dr.

Kristhnamurthy has had an opportunity to respond.


August 22, 2014

                               WILLIAM CONNELLY
                               UNITED STATES MAGISTRATE JUDGE