IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
GREENBELT DIVISION

| | |
|---|---|
| LIFE TECHNOLOGIES CORPORATION,<br>a Delaware Corporation,<br>5791 Van Allen Way<br>Carlsbad, CA 92008<br><br>      Plaintiff,<br><br>v.<br><br>LIFE TECHNOLOGIES CORPORATION,<br>10135 Treble Court<br>Rockville, MD 20850<br>(Montgomery County), *et al.*,<br><br>      Defendant. | Civil Action No. 8:10-cv-03527-RWT |

**DEFENDANT'S OBJECTION'S TO MAGISTRATES RECOMMENDATIONS TO HOLD IN DR. KRISHNAMURTHY IN CONTEMPT**

Defendant Life Technologies, Inc. now dissolved and interested party, Dr. Krishnamurthy, through counsel, serving as trustee of the assets of Defendant Life Technologies Corporation, files these objections to the Magistrate's Recommendations entered on August 22, 2014.

**I.**   **Factual Background**

1. This proceeding arises from a discovery dispute relating to the production of emails that are purportedly relevant to Plaintiff's Life Technologies, Inc. ('Life Technologies") post default judgment discovery seeking information to support its damages claim.

2. Dr. Krishnamurthy has represented to the court that he does not have possession or control of emails of various historical accounts he once held with various internet service providers and there are no relevant emails in his current accounts.

1

3. In an order date January 9, 2014 the Magistrate ordered that Dr. Krishnamurthy provide his consent to various ISPs to release any and all emails sought by Plaintiff.

4. Dr. Krishnamurthy filed objections to the January 9, 2014 order on January 21, 2014 and sought a motion for protective order. Dr. Krishnamurthy's objections addressed the scope of the production provided by the order which he argued was overly broad.

5. On January 21, 2014 Life Technologies provided to counsel for Dr. Krishnamurthy its proposed "consent forms" and demanded that Dr. Krishnamurthy sign the releases.

6. On March 4, 2014 Dr. Krishnamurthy's objections to the January 9, 2014 order were overruled and his motion for a protective order was denied.

7. Life Tech renewed its demands that Dr. Krishnamurthy execute the consent forms that it had drafted and provided to Krishnamurthy in January.

8. Dr. Krishnamurthy made certain objections to the consent forms provided by Life Technologies, in summary:

- Dr. Krishnamurthy objected to affirmatively representing that he had authority to release all of the emails from certain accounts, namely those associated with a partnership in India that had removed him in 2011, and therefore he had no authority, either actual or apparent, to authorize the release.
- Dr. Krishnamurthy objected to affirmatively representing that he had authority to release all of the emails from accounts associated with his past residences in view of the unrestricted time frame. It is submitted that the requested authorization would encompass emails from current residents of these addresses, or former residents of the addresses now associated with Dr. Krishnamurthy that have no connection with Dr. Krishnamurthy whatsoever.
- Dr. Krishnamurthy objected that he indemnity the ISPs from any liability from improperly releasing emails, especially in view of the issues identified above.

9. Dr. Krishnamurthy prepared and signed alternative consent forms for the ISPs that *inter alia* removed certain email accounts and the indemnification language and provided the revised forms to Life Technologies.

10. Dr. Krishnamurthy also indicated that he willing to try to negotiate consent forms that did not include the objectionable language identified above and sought mediation from the Magistrate assigned to the case. Judge Connelly did not respond to Dr. Krishnamurthy's request for mediation.

11. On April 9, 2015, Life Tech filed a Motion to Show Cause why Dr. Krishnamurthy Should not be held in for contempt for refusing to execute its version of the consent forms.

12. Krishnamurthy replied to the Motion to Show cause on April 9 and on a hearing was held on May 16, 2014.

13. The Magistrate issued his order on August 22, 2014 that recommends that Dr. Krishnamurthy be held in contempt for failing to sign the consent forms presented by Life Technologies.

## II. The Legal Framework for Contempt

The purposes of civil contempt are to coerce obedience to a court order and to compensate a party for losses sustained as a result of the contumacy. *In re General Motors Corp.*, 61 F.3d 256, 258 (4th Cir.1995).

To establish civil contempt, a movant must show each of the following elements by clear and convincing evidence:

> (1) the existence of a valid decree of which the alleged contemnor had actual or constructive knowledge; (2) ... that the decree was in the movant's "favor"; (3) ... that the alleged contemnor by its conduct violated the terms of the decree, and had knowledge (at least constructive) of such violations; and (4) ... that [the] movant suffered harm as a result.

*Ashcraft v. Conoco, Inc.*, 218 F.3d 288, 301 (4th Cir.2000). *JTH Tax, Inc. v. H & R Block Eastern Tax Services, Inc.*, 359 F.3d 699, 705 (4th Cir.2004). See also *Wagner et al. v. Board of*

*Education of Montgomery Co. MD, et al.*, 340 F.Supp.2d 603 (D. Md. 2004) Willfulness is not an element of civil contempt. *In re General Motors*, 61 F.3d at 258.

> If contempt is found, the remedy is within the trial court's broad discretion:
>
> Remedies include ordering the contemnor to reimburse the complainant for losses sustained and for reasonable attorneys fees. <u>United States v. Trudell, 563 F.2d 889, 891 (8th Cir.1977)</u>. However, the remedies and sanctions must be remedial and compensatory and, unlike criminal contempt, nonpunitive. *[United States v.] United Mine Workers [of America]*, 330 U.S. [258] at 302-04, 67 S.Ct. 677, 91 L.Ed. 884 [(1947)].

*Id.*, 61 F.3d at 259. Before awarding attorney's fees, however, a finding of "willful disobedience" may be required. *Omega World Travel, Inc. v. Omega Travel, Inc.*, 710 F.Supp. 169, 172-73 (E.D.Va.1989), *aff'd*, 905 F.2d 1530, 1990 WL 74305 (4th Cir.1990).

The order that requires Dr. Krishnamurthy to execute documents arises under Rule 37. Fed.R.Civ.P. 37(b)(2)(A)(vii) provides that the court may "treat[ ] as contempt of court the failure to obey" a court order to provide or permit discovery of .... evidence. *Victor Stanley v. Creative Pipe*, 269 F.R.D. 497 (D. Md 2010).

### III. Argument

It is submitted that a holding of contempt is not warranted in these circumstances. The court's January 9, 2014 order refers to a "consent and release form" for the various ISPs *that would be* presented by Plaintiff. It is submitted that because the order does not reasonably describe or identify exactly what forms Dr. Krishnamurthy must execute the order is vague and ambiguous.

The Magistrate has apparently found Dr. Krishnamurthy's was required to sign a set of consent forms, prepared by the adverse party Life Tech, that were never actually approved or

even seen by the Court.[1] While the magistrate apparently has now retroactively and indirectly suggested that the consent forms were appropriate, at the time Dr. Krishnamurthy voiced his objections, the consent forms presented to him – on which this contempt proceeding is predicated-- had not been approved or seen by the court. It is respectfully submitted that the January 9, 2014 order, as interpreted by the magistrate, effectively grants unilateral authority to Life Technologies

---

1. While Plaintiff presented a sample agreement in December 2013, it is submitted that the scope of form was never directly considered by the court nor was the form expressly incorporated into the January 9, 2014 Order. Further, the "forms" that were provided by Life Tech in January 2014 were materially altered from the "forms" that were previously submitted in December 2013 and included additional emails, terms and conditions, residential addresses and consents. For example, the draft agreement presented to the court in December had three pages. .See Exhibit 7 to Dr. Krishnamurthy's opposition to Plaintiff Motion to Show Cause Why Dr. Krishnamurthy Is Not in Contempt (Dr. Krishnamurthy's Opposition) filed on April 9, 2014. The agreements that Plaintiff demanded that Dr. Krishnamurthy sign after the January 9, 2014 order were five pages long. See Exhibit 3-6 to Dr. Krishnamurthy's Opposition. The agreements presented in January also included new residential addresses for which Plaintiff has sought all associated email accounts that were never considered or previously approved by the court. See Exhibit 3 to Dr. Krishnamurthy's Opposition (includes a completely new address for which seeks all emails that were associated with the location 3/231 Parvathipuram, Vellore District, Tamil Nadu India.) This address was completely absent from the draft agreement that was submitted to Judge Connelly in December 2013. *See* Exhibit 7, *Id.*

to fashion any consent forms, to its own specifications, terms and conditions and that Dr. Krishnamurthy must acquiesce to any such terms and conditions imposed by Plaintiff Life Technologies or be subjected to contempt. It is respectfully submitted that this transfer of authority from the Court to Life Tech results in an invalid order.

Contempt is further not warranted here because Life Tech's proposed "consent forms" require that Dr. Krishnamurthy make affirmative representation that he regards as materially false (namely, that he has authority to provide the respective permissions to release the emails) and then indemnify the ISPs for any liability that may arise from the false statements.

Finally, contempt is not appropriate because Life Tech has not showed that it was in any way damaged by the Dr. Krishnamurthy's decision to provide alternative versions of the consent to the ISPs. The Magistrate's order does not reflect any damages.

### IV. Conclusion

For the foregoing reasons, the Magistrate's Recommendations should be overruled.

September 5, 2014

Respectfully submitted,

By: /s/ Andrew Aitken
Andrew C. Aitken, Esq. No. 06413
Aitken Law Offices
P.O. Box 1810
Wheaton, MD 20915
(301) 537-3299

*Attorney For Dr. Krishnamurthy*