## UNITED STATES DISTRICT COURT
## DISTRICT OF MARYLAND

LIFE TECHNOLOGIES CORPORATION,

    Plaintiff,

    v.

LIFE TECHNOLOGIES CORPORATION,

    Defendant,

    and

KRISHNAMURTHY GOVINDARAJ,

    Interested Party.

Civil Action No. TDC-10-3527

## MEMORANDUM ORDER

In 2012, Plaintiff Life Technologies Corporation ("Plaintiff") secured a default judgment against Defendant Life Technologies Corporation ("Defendant") for trademark infringement and unfair competition under the Lanham Act, 15 U.S.C. § 1125(a)(1)(A) (2018), based on Defendant's use of the same business name as Plaintiff. In 2016, after discovery on damages, the district court (Titus, J.) issued a damages award of over $1.7 million and an award of attorney's fees and costs of over $555,000 against both Defendant and its president, Dr. Krishnamurthy Govindaraj, who was not named as a defendant. This case is now before this Court on remand from the United States Court of Appeals for the Fourth Circuit in *Life Technologies Corporation v. Govindaraj*, 931 F.3d 259 (4th Cir. 2019) ("*Life Technologies*"). The underlying facts and the procedural history of this case until that appeal are set forth in that opinion and need not be restated here. *Id.* at 262-269.

In *Life Technologies*, the Fourth Circuit did not disturb the district court's entry of default judgment and award of damages and attorney's fees against Defendant but vacated the award of damages and attorney's fees entered as to Govindaraj on the grounds that he was never joined as a party to this action. *Id.* at 265-66, 269. After affirming the district court's holding of Govindaraj in contempt of court for failing to comply with the requirement in a January 9, 2014 court order to sign consent and release forms relating to various email accounts, the Fourth Circuit concluded that where the district court "did not specify whether any of the combined damages and fees award was entered against Govindaraj personally as a sanction for contempt," it was "unable to determine whether any of the combined damages and fees award should be upheld as a reasonable sanction for contempt, or whether the entirety of the award against Govindaraj personally must be vacated." *Id.* at 269. It therefore remanded the case for a determination of "whether any portion of the damages and fees award against Govindaraj was imposed as a sanction for his contempt of court and, if so, the amount of that sanction." *Id.* at 269. The court stated that the district court could, if appropriate, "re-enter judgment against Govindaraj personally only as to any such sanction for his contempt." *Id.*

At this Court's request, the parties filed briefs on this issue. Having reviewed the briefs and submitted materials, the Court finds that no hearing is necessary. D. Md. Local R. 105.6. For the reasons set forth below, the Court finds that no part of the damages and attorney's fee award against Govindaraj was imposed as a sanction for his contempt of court and does not re-enter judgment against Govindaraj.

## DISCUSSION

Plaintiff and Govindaraj have taken diametrically opposed positions on the issue to be decided on remand. Although conceding that the damages award was unrelated to any contempt

order, Plaintiff asks this Court to re-impose, as personal sanctions against Govindaraj for contempt of court, the total amount of the $555,555.35 award of attorney's fees, costs, and expenses ("the Fee Award") issued by United States District Judge Roger W. Titus.  Plaintiff argues that this entire amount "was originally imposed as a sanction against Govindaraj for his contempt."  Pl.'s Mem. on Remand at 4-5, No. 227.  The Court therefore narrows its review to the Fee Award. Govindaraj, however, asserts that the Court should not reinstate any part of the judgment because Judge Titus did not tie any part of the Fee Award to either of Govindaraj's two specific acts of contempt, and Plaintiff cannot show that any part of the award was caused by Govindaraj's contumacious conduct.

As an initial matter, the Court defines the scope of its inquiry on remand as directed by the Fourth Circuit.  At two points in its opinion, the Fourth Circuit directed this Court to determine not whether some part of the damages and fee award could be or should be assessed against Govindaraj as sanctions for his contempt of court, but whether any portion "was originally imposed as a sanction for his contempt of court" and whether "any monetary sanctions for contempt were awarded against Govindaraj personally."  *Id.* at 269.  By twice using the past tense, the Fourth Circuit definitively directed the Court to review the record to determine whether Judge Titus had, in fact, imposed such an award, not whether the record could support such an award.

As to which contempt orders the Fourth Circuit asked this Court to consider, the Court notes that in the post-judgment discovery proceedings, Govindaraj was found in contempt of court twice.  On December 20, 2012, Govindaraj was found in contempt of a March 15, 2012 court order, entered upon the grant of default judgment in favor of Plaintiff, enjoining Defendant and its agents, including Govindaraj, from continuing to use the prohibited "Life Technologies Corporation" trademark ("the First Contempt Order").  Judgment Order ¶¶ 1-5, ECF No. 54; First

Contempt Order at 1, ECF No. 94.   Then, on September 11, 2014, Govindaraj was found in contempt of court for failing to comply with the requirement in a January 9, 2014 court order to execute consent and release forms relating to certain email accounts in response to Plaintiff's discovery requests in furtherance of the calculation of damages ("the Second Contempt Order"). Because in his appeal to the Fourth Circuit, Govindaraj challenged only the Second Contempt Order, and the Fourth Circuit thus did not analyze the First Contempt Order, the request on remand arguably could be construed as limited to whether Judge Titus specifically ordered Govindaraj to pay any part of the Fee Award as sanctions relating to the Second Contempt Order.   Nevertheless, because the Fourth Circuit referenced the First Contempt Order and noted that in issuing it the district court "with[e]ld judgment as to the sanction to impose," *Life Technologies*, 931 F.3d at 263, the Court construes its mandate as considering whether the record supports a finding that any portion of the Fee Award was imposed against Govindaraj personally as a sanction based on either the First Contempt Order or the Second Contempt Order.

Judge Titus issued his grant of the Fee Award to Plaintiff in an oral ruling during an April 19, 2016 hearing ("the April 2016 Hearing") on Plaintiff's Motion for Attorneys' Fees, Costs, and Expenses ("the Fees Motion") and memorialized that ruling in a written Order on May 27, 2016 ("the May 2016 Order").   A review of the record reveals that Judge Titus never awarded attorney's fees as a sanction against Govindaraj pursuant to either First Contempt Order or the Second Contempt Order.   As the Fourth Circuit noted, Judge Titus made no statements in either his oral or written rulings on the Fees Motion that explicitly or implicitly tied the award of attorney's fees, in part or in whole, to his previous findings of contempt, and the Court finds no such ruling in any other part of the record.   Indeed, nowhere in Judge Titus's statements at the hearing did he actually reference either the First or Second Contempt Order.   *See* Apr. 2016 Hrg. Tr., ECF No. 206.   The

court's subsequent written Order also made no mention of the prior Contempt Orders or of any award of sanctions for the violations referenced in the Contempt Orders. *See* Damages and Fees Order, ECF No. 201.

In arguing that Judge Titus implicitly imposed such a sanction, Plaintiff relies on the various references by Judge Titus during the April 2016 Hearing to Govindaraj's obstructionist tactics during the post-judgment discovery period. For example, Judge Titus stated that during post-judgment discovery, Plaintiff had to "go through extensive detective work that it should not have had to go through, but for the intransigence of the corporate defendant and its principal, Dr. Krishnamurthy." Apr. 2016 Hrg. Tr. at 53. Plaintiff asserts that based on such statements, "Judge Titus found Govindaraj's conduct and defiance of court orders to be the cause of the attorney's fees and costs incurred by" Plaintiff, and that "Judge Titus also intended for Govindaraj himself to pay those fees and costs." Pl.'s Mem. on Remand at 11.

While it is true that Judge Titus intended to hold Govindaraj personally liable for paying the Fee Award, Plaintiff's analysis is flawed because it improperly conflates Judge Titus's award of damages and attorney's fees against Govindaraj personally under the Lanham Act and the justification for such an award, with an award imposed as a sanction under the First Contempt Order or the Second Contempt Order. A review of the transcript of the April 2016 Hearing reveals that Judge Titus's discussion of Govindaraj's obstructive actions was provided in support of an award of attorney's fees under the Lanham Act, not pursuant to the Contempt Orders. The Lanham Act provides that "[t]he court in exceptional cases may award reasonable attorney fees to the prevailing party," as well as costs. 15 U.S.C. § 1117(a). On March 15, 2012, at the judgment stage, Judge Titus deemed this case "exceptional based on Defendant's willful conduct" such that Defendant was "required. . . to pay Plaintiff's costs, expenses and attorneys' fees incurred in this

5

action." Judgment Order ¶ 8. Accordingly, on October 3, 2012, Judge Titus awarded Plaintiff over $246,000 in attorney's fees, costs, and expenses for the pre-judgment stage of litigation based on this finding. In the May 2016 Order, Judge Titus again stated that this case was exceptional under 15 U.S.C. § 1117, such that post-judgment attorney's fees could be awarded. Moreover, in his oral ruling on the Fees Motion, Judge Titus specifically found that Govindaraj should be held jointly liable for "the ultimate judgment in this case," which consisted of damages and attorney's fees under the Lanham Act, because he was the "mastermind" and because he had been "acting in defiance of orders of this court." Apr. 2016 Hrg. Tr. at 58. Thus, the record reflects that the grant of the Fee Award was made pursuant to the Lanham Act, and Judge Titus's references to Govindaraj's obstruction were offered in support of the now-overturned conclusion that Govindaraj should be held jointly liable for damages and the Fee Award under the Lanham Act.

Judge Titus's references to Govindaraj's obstruction were also provided as part of his analysis of the *Robinson* factors, the 12 non-exclusive factors considered in analyzing the reasonableness of an attorney's fee award. *Id.* at 57; *see Robinson v. Equifax Info. Servs., LLC*, 560 F.3d 235, 243-44 (4th Cir. 2009). As relevant here, these factors include "the time and labor expended," "the novelty and difficulty of the questions presented," "the attorney's opportunity costs in pressing the instant litigation," "the customary fee for like work," and "attorneys' fees awards in similar cases." *Robinson*, 560 F.3d at 243-44. In that discussion, Judge Titus stated that "[t]he complexity of this case" was "very substantially aggravated by the intransigence of the defendant" and that the substantial Fee Award was deserved because of Govindaraj's actions to "obstruct and delay any pursuit of a damage award in this case." Apr. 2016 Hrg. Tr. at 58. Such findings were necessary and appropriate to justify the size of the Fee Award under the *Robinson*

factors.  At no point, however, did Judge Titus link such conduct to a separate finding that the Fee Award was to be imposed against Govindaraj as a sanction for the First or Second Contempt Order.

The events following the issuance of the Contempt Orders further illustrate that the Fee Award was not issued as a sanction for one of the Contempt Orders.  A district court may award monetary sanctions for civil contempt "to coerce obedience to a court order or to compensate the complainant for losses sustained as a result of the contumacy."  *In re Gen. Motors Corp.*, 61 F.3d 256, 258 (4th Cir. 1995) (quoting *Connolly v. J.T. Ventures*, 851 F.2d 930, 932 (7th Cir.1988)).  Attorney's fees should be awarded as a sanction for contempt only upon a finding of "willful disobedience of a court order."  *Fleischmann Distilling Corp. v. Maier Brewing Co.*, 386 U.S. 714, 718 (1967); *Columbia Gas Transmission Corp. v. Mangione Enters. of Turf Valley*, 964 F. Supp. 199, 204 (D. Md. 1996) (citing *Alyeska Pipeline Serv. Co. v. Wilderness Soc'y*, 421 U.S. 240, 258 (1975)).  Although Judge Titus stated, in orally finding Govindaraj in contempt of the March 15, 2012 court order, that he was "withhold[ing] the judgment as to the sanction to impose," 12/18/12 Hrg. Tr. at 127, ECF No. 213, in the subsequent First Contempt Order he made no reference to any actual or potential award of attorney's fees as a sanction for the contempt, and at no subsequent point in the record was there any reference to the possibility of such a sanction.

In the Second Contempt Order, the Court issued no immediate monetary sanction for the contempt and instead directed Plaintiff to file a pleading "outlining the monetary damages it ha[d] sustained as a result of the contempt" by Govindaraj; to, within that filing, "separate out the attorney's fees it has incurred in connection with" its motion seeking the Second Contempt Order; and to "set forth its evidence as to whether [Govindaraj] willfully disobeyed [the] January 9, 2014 order."  Second Contempt Order at 3, ECF No. 151.  Although Plaintiff filed the requested submission on October 9, 2014 as a "Motion for Damages (Including Attorney's Fees, Costs and

Expenses) Incurred as a Result of Dr. Krishnamurthy's Contempt of Court," ("Contempt Fees Motion"), and the motion was fully briefed by Plaintiff and Govindaraj, the Court subsequently denied that motion without prejudice. *See* ECF No. 174.  In so doing, Judge Titus failed to make any specific finding, or even to discuss, whether the submitted evidence established that Govindaraj's behavior amounted to "willful disobedience" of the court order. *See Fleischmann*, 386 U.S. at 718; *Columbia Gas*, 964 F. Supp. at 204.  Although Judge Titus then directed Plaintiff to file a consolidated motion for attorney's fees, and Plaintiff submitted the Fees Motion through which the parties briefed the issue of whether Govindaraj willfully disobeyed the court order underlying the Second Contempt Order, neither in his oral ruling nor in his subsequent written order did Judge Titus engage in any analysis of that issue or make any findings of fact on that question.  The fact that Judge Titus specifically signaled to the parties that he needed to make a finding on whether Govindaraj willfully disobeyed the court order before he would award attorney's fees as sanctions based on the Second Contempt Order, but then never made such a required finding, bolsters the conclusion that he did not impose the Fee Award against Govindaraj personally as a sanction for his acts of contempt.

Finally, Plaintiff's claim that Judge Titus imposed the entire amount of the Fee Award against Govindaraj personally as a sanction for the Contempt Orders is completely untenable and inconsistent with the record.  First, Plaintiff's present request for $555,555.35 is inconsistent with Plaintiff's calculation, submitted in the Contempt Fees Motion, that the fees and costs incurred in relation to the Second Contempt Order totaled $152,096,26.  More broadly, in support of its overall request of $555,555.35 in the Fees Motion, Plaintiff described the proposed award amount as based on all "fees, costs, and expenses. . . . incurred after April 13, 2012."  Fees Mot. at 17, ECF No. 187-1.  On its face, therefore, the Fee Award includes attorney's fees for work performed before

the First Contempt Order, and long before the Second Contempt Order, was issued.  Furthermore, Plaintiff has acknowledged that the Fee Award includes fees related to:  filing two motions to compel, filing two motions for contempt, attending three days of evidentiary contempt hearings, attending an evidentiary discovery hearing, issuing at least 13 subpoenas, attending 11 telephonic discovery conferences, obtaining 15 extensions of the discovery period, and generally undertaking "an exhausting request process" for Govindaraj's emails.  Pl.'s Mem. on Remand at 3.  Consistent with this representation, Plaintiff's billing records contain entries for work on a broad range of legal work and discovery matters beyond the work associated with the proceedings relating to the two Contempt Orders.  *See, e.g.*, Murphey Decl. Ex. 1 at 3, ECF No. 188-3 ("Research Fourth Circuit case law regarding whether and the extent to which the Court's Order can be applied extra territorially."); *id.* at 7 ("Analyze federal rules regarding due date for discovery responses falling on a weekend[.]"); Murphey Decl. Ex. 2 at 15, ECF No. 188-4 ("Draft outline of talking points for discussions with Google/gmail and USUHS in-house counsel regarding their responses to subpoenas for Dr. [Govindaraj's] emails[.]").  Thus, even if Judge Titus had undertaken to identify attorney's fees and costs reasonably related to the Contempt Orders, there is no way he could have concluded that the entire Fee Award should be imposed as a sanction for those Contempt Orders.  The Court therefore wholly rejects Plaintiff's claim that the full Fee Award was imposed on Govindaraj as a sanction for the Contempt Orders.

As to any lesser award, although the record appears to provide sufficient evidence from which a factfinder could reach a reasonable conclusion on the amount of attorney's fees and costs expended as a result of Govindaraj's acts of contempt referenced in the Second Contempt Order, the Fourth Circuit did not direct or authorize this Court to make such a determination.  As to the specific question posed to this Court on remand, where the record lacks any evidence to support

the conclusion that Judge Titus ordered Govindaraj to pay attorney's fees, in full or in part, as a sanction for the acts of contempt referenced in the First or Second Contempt Orders, the Court will not reinstate the Fee Award, or any amount of attorney's fees, as a judgment against Govindaraj.

## CONCLUSION

For the foregoing reasons, and in resolution of the directive from the United States Court of Appeals for the Fourth Circuit on remand, the Court finds that no portion of the damages and fees award against Govindaraj was imposed as a sanction for his contempt of court.  Accordingly, it is hereby ORDERED that no part of the judgment against Govindaraj shall be reinstated.

Date:  May 18, 2020

_/s/ Theodore D. Chuang_____
THEODORE D. CHUANG
United States District Judge